Keene v. Chapman.

WATERMAN F. KEENE *versus* NATHAN CHAPMAN.

Where a surveyor of highways was required by the selectmen of a town to put a road therein, then lately laid out and running through land of the plaintiff, in a condition to be traveled with safety and convenience; and, in doing it, he and those acting under his direction, took for the purpose, from the plaintiff's land lying contiguous to the way, "not planted nor inclosed," a quantity of stone, necessary for the proper repair of the road; an *action of trespass quare clausum* cannot be maintained against the surveyor, or those acting under him; such act being authorized by Rev. Stat. c. 25, § 72, and the remedy for compensation being in a different mode.

TRESPASS *quare clausum* for breaking and entering into the plaintiff's close in Bremen, subverting the soil, and carrying away stones, &c.

It appeared that the plaintiff had been for many years in possession of a tract of land used as a pasture, through which there had been a traveled way, although gates or bars had been kept across it.

The selectmen of the town, on the petition of several of the inhabitants of the town, on the 26th of February, 1842, laid out a town road on a line covering the old way, and made report of their doings. This road was accepted by the town at a meeting of the inhabitants on December 22, 1842, an article having been inserted in the warrant to call the meeting to see if the town would accept that road.

The defendant was a surveyor of highways within the town of Bremen, but not of the district wherein this road was. The surveyor of the district was present, however, at the making of the road. He was called by the plaintiff, and testified, that the road was made under his direction, and that the defendant worked with him upon the road; and that the rocks were taken under his direction, and were necessary for building the road. The selectmen of the town directed them to make use of these rocks in constructing the road. They were taken from land of the plaintiff not covered by the road, but near to it. The town had voted, that a sum of money should be expended in making this road, and the defendant had been appointed to see to the expenditure. The land was used only as a pasture, and there was no fence separating it from the road laid out by the selectmen and accepted by the town.

At the trial before SHEPLEY J. these facts appeared on the part of the plaintiff; and he offering no further evidence, the presiding Judge was of opinion that thereupon the action could not be maintained. The plaintiff then consented to a nonsuit, which was to be taken off, and a new trial granted, if that opinion should be found to be erroneous.

*Hardy* argued for the plaintiff, citing Rev. St. c. 5, § 9, and c. 25, § 64.

*Kennedy* argued for the defendant, citing 1 Pick. 417 and 1 Shepl. 250.

BY THE COURT, at the same term of the argument.

The defendant was a surveyor of highways in the town of Bremen: and, as such, was required by the selectmen of that town to put a certain piece of road therein, then lately laid out and running through the plaintiff's land, in a condition to be traveled with safety and convenience. Accordingly he, with some other individuals under him, proceeded to accomplish the work. In doing it, he, or the men under him, and as must be presumed with his approbation, as nothing appears to the contrary, took for the purpose, from the plaintiff's land, lying contiguous to the way, and unplanted and uninclosed, a quantity of stone, which we understand is the trespass complained of. This the statute, c. 25, § 72, authorized him to do. He, therefore, cannot have been a trespasser in doing it. The plaintiff's remedy for compensation is against the inhabitants of the town, as provided for in the same section. A nonsuit having been entered judgment must be entered upon it.